# DECISIONS

OF THE

# Court of Appeals of Kentucky

## SPRING TERM, 1916.

### McClelland's Administrator v. Millers Creek Railroad Company.

(Decided May 4, 1916.)

### Appeal from Johnson Circuit Court.

1. Evidence—Contradiction of Witnesses by Circumstances—Peremptory Instruction.—Where many circumstances are shown that contradict the direct evidence of witnesses, a jury may believe these circumstances of sufficient weight to overcome the evidence of the witnesses, and where circumstantial evidence of probative value contradicts the direct evidence, the case should go to the jury.
2. Negligence—Contributory Negligence.—In personal injury cases the question of contributory negligence is for the jury unless the whole of the evidence and the reasonable inferences therefrom show clearly that the negligence of the deceased was the direct cause of his death.

JOHN W. WOODS for appellant.

FOGG & KIRK and O'REAR & WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Van Lear is an incorporated town with a population of from fifteen hundred to two thousand people. The Millers Creek Railroad Co. operates through the town a steam railroad, and in January, 1912, Ike McClelland, while crossing the railroad tracks on one of the streets of the town, over which from three hundred to five hun-

dred people passed daily, was killed at the street cross-
ing by a train of coal cars that at the time were being
pushed through the town by the engine. Just how many
cars there were in the train being pushed by the engine
is not clear, but apparently there were five or six.

In this suit by the administrator of McClelland to re-
cover damages for his death, the trial court, after all
the evidence for both parties had been introduced, di-
rected a verdict in favor of the railroad company, and
from the judgment dismissing the petition this appeal is
prosecuted.

A recovery was sought upon the ground that the
company was guilty of negligence in pushing these cars
ahead of the engine without having any person on the
front to give warning to persons on or crossing the track
of the approach of the train, and in failing to give notice
of the approach of the train to the crossing, at which
McClelland was killed, by ringing the bell or sounding
the whistle.

The defense of the company was that the train was
moving slowly, with a brakeman on the front end of
the front car; that McClelland saw the train coming,
and, in attempting to get on one of the cars, in some
way slipped or fell and was thrown under the wheels;
or that he attempted to cross the track in front of the
train which he saw or should have seen was coming
toward the crossing.

It is conceded that the engine bell was not ringing
or the whistle being sounded, but the argument is made
that the death of McClelland, who was not an employe
of the company or authorized to board its cars, was due
to his attempt to get on the train for some purpose of
his own; or, if not, that he saw the train approaching
the crossing, or could and should have seen it, as he was
facing it, and with knowledge of its approach was at-
tempting to cross the track in front of it, when he was
knocked down and run over by the cars, and so was
guilty of such contributory negligence as would defeat
a recovery.

The weight of the evidence, at least numerically
speaking, supports the theory of the railroad company
that McClelland attempted to board one of the moving
cars and in some unexplained way slipped or fell and
was thrown under the wheels. It may also be said that
if he was not attempting to get on the car but was struck

and run over while attempting to cross the track, he could have escaped this death if he had been giving attention to the movement of the train, as it is undisputed that just before he started to cross the track he was walking near the track with his face toward the approaching train.

There are, however, many circumstances of strong probative value shown in the record which contradict the witnesses who testified that he was attempting to get on the train, and a jury might believe these circumstances of sufficient weight to overcome the evidence of the witnesses. Nor is it of course to be presumed that he deliberately walked on the track in front of the approaching train. He may have seen the train and have been misled to his death by mistake as to the track on which it was approaching, as there are two tracks at the place at which he was killed.

There was evidence for the plaintiff tending very strongly to show that there was no brakeman or lookout on the front end of the front car, and that McClelland, in attempting to cross the track, was knocked down and run over by the wheels of the cars; and we think this evidence, in connection with the circumstances showing that McClelland did not attempt to board the train, was sufficient to take the case to the jury, although there was much evidence to the contrary.

The general rule in cases like this is that the question of contributory negligence is for the jury unless the whole of the evidence, and the reasonable inferences therefrom, show clearly that the negligence of the deceased was the direct cause of his death; and we do not think the evidence and the reasonable inferences arising thereon sufficiently show, as a matter of law, that the negligence of the deceased was the sole cause of his death. It is true that if he had been looking he might have seen this train approaching, but it is also true that the company was under a duty to have some person on the front end of the front car for the purpose of warning pedestrians who through inattention or carelessness might get on the track, and to give warning of the approach of the train by ringing the bell. And it is the fact that the company owed at this place the duty of lookout and warning, supported by some evidence that no lookout was kept and the conceded fact that no warning was given, that takes this case out of the rule laid down in

many cases and reaffirmed in C. & O. Ry. Co. v. Hunter's Admr., 170 Ky. 4.

We have read all the evidence quite carefully, and without writing a more elaborate opinion, our conclusion is that the court erred in ordering a directed verdict.

Wherefore, the judgment is reversed, with directions for a new trial.